UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RODRIC PETRECE STANLEY, JR.,

Plaintiff,

v.

TSG COMMISSARY, et al.,

Defendants.

Case No. 26-cv-07628-RFL

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Rodrick Stanley, a prisoner at West County Reentry Treatment Housing Facility, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). The complaint is DISMISSED with leave to file an amended complaint on or before **October 26, 2026**. Failure to file an amended complaint correcting the deficiencies identified by October 26, 2026, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit under Rule 41(b) for failure to prosecute.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901

F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Pursuant to Fed. R. Civ. P. 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991)). *Accord Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.) "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Allegations** [1]

Plaintiff alleges as follows:

Plaintiff has been in custody since 2018 and has observed that the majority of detainees

[1] The last page of Plaintiff's complaint states "12 of 24" and there appear to be missing additional pages as the page ends in the middle of a sentence. (Dkt. No. 1 at 15.) The letter sent to the Court only contained twelve pages. The letter was marked as "1/2", but no other envelope was received. (*Id*. at 16.) Plaintiff should include all pages in an amended complaint.

are African Americans or Hispanic with fewer Whites. (Dkt. No. 1 at 5.) Plaintiff is African American. (*Id.*) The jail does not provide any paying jobs or a source of income, but detainees must pay to make phone calls, so families must provide money. (*Id.* at 5-6.) Detainees are only provided three meals a day, and Plaintiff requires additional calories due to his size and allergy to soy; therefore, Plaintiff needed to use money to pay for additional food from the commissary. (*Id.* at 6.) In 2018, Plaintiff began ordering products from the commissary vendor, but the costs were expensive, and the prices rose in 2019. (*Id.* at 6-7.) In addition, the jail did not provide appropriate hygiene products for people of color such as oils and creams for their hair and skin. (*Id.* at 7.)

Plaintiff began researching in 2020 the arrest rates and incarceration rates by race in the county and also how it related to classification of detainees by the jail. (*Id.* at 7-8, 10-13.) Plaintiff sought to change his classification to be in a less secure setting with more benefits, but the request was denied based on racial discrimination. (*Id.* at 8.) In 2019, he noted that the detainees who were classified as requiring less security were white. (*Id.*)

In 2023, the jail provided electronic tablets to detainees that provided activities, education, and video visits. (*Id.* at 9.) Some of the tablet features cost money and there were hidden fees, while they were free in other nearby counties. (*Id.*) He found that in counties where there were more white detainees, there were less fees for the tablets and other items. (*Id.* at 9, 14.)

Since 2022, the jail has used a third-party mail company to receive mail and photocopy the mail and send it to the detainee. (*Id.* at 15.) Plaintiff is concerned that the third-party company has access to these documents. (*Id.*)

**C. Analysis**

Federal Rules of Civil Procedure 20(a)(2)(A) bars joinder of unrelated claims against different defendants. "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong

in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id*. (citing 28 U.S.C. § 1915(g)); *see also Standley v. Montana*, No. 22-35824, 2024 WL 1253797, at *1 (9th Cir. Mar. 25, 2024) (citing *George* with approval).

Plaintiff presents multiple unrelated claims. The complaint is dismissed with leave to amend to bring only those claims about a single event or a single set of related events, or to allege facts supporting a plausible basis to believe the events described are related. Other claims may be brought in separate actions, and Plaintiff must identify specific Defendants and describe their actions. Also, Plaintiffs' claims suffer some additional deficiencies that likewise need to be corrected, which are detailed below, so that Plaintiff can try to fix them.

With respect to his claims regarding discrimination, Plaintiff must present more specific allegations. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). A plaintiff alleging denial of equal protection under Section 1983 based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of plaintiff's membership in a protected class. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003). Or put slightly differently, the plaintiff "must show that a class that is similarly situated has been treated disparately." *Ariz. Dream Act Coal. v. Brewer*, 855 F.3d 957, 966 (9th Cir. 2017). Conclusory allegations will not do. *See Ventura Mobilehome Comms. Owners Ass'n v. City of Buenaventura*, 371 F.3d 1046, 1055 (9th Cir.

2004) (affirming dismissal of equal protection claim because "[a]side from conclusory allegations, Appellant has not . . . alleged how [similarly situated individuals] are treated differently").

Plaintiff alleges that white detainees at his jail received different benefits then African American and Hispanic detainees in part because of how they were classified by officials. Plaintiff has not presented any allegations that in these instances the different individuals were similarly situated. Based on one of Plaintiff's prior cases in this Court it appears that he was convicted in 2024 of numerous counts of sexual intercourse or sodomy with a child and committing forcible lewd acts upon a child. *See Stanley v. Cox*, Case No. 25-cv-3630 JD, Dkt. No. 8 at 2.[2] Since his conviction, Plaintiff was a prisoner and no longer a pretrial detainee; therefore, he must address if the other individuals who were treated differently were also prisoners or pretrial detainees. He must also address the crimes for which the other individuals were arrested or convicted and if they were similarly situated to him. With respect to the benefits of detainees or prisoners in other counties Plaintiff must present more allegations showing intentional unlawful discrimination. His conclusory allegations are insufficient.

If Plaintiff seeks to proceed with the claims about the cost of items and phone calls, the electronic tablet, or third-party processing of his mail, his allegations fail to present a constitutional claim. He must present more information to adequately allege a violation of the Eighth or Fourteenth Amendment. The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To run afoul of the Eighth Amendment, prison conditions typically must imperil prisoners' physical health or safety. *Nielsen v. Thornell*, 101 F.4th 1164, 1174 (9th Cir. 2024).

With respect to the Fourteenth Amendment, Plaintiff must show that the practice or regulation at issue, such as the cost of items, is not reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987). There is no right to a specific phone

---

[2] Courts are authorized to take judicial notice of court records. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007).

rate. *See Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000).

Finally, Section 1983 does not contain its own limitations period, so it borrows the California statute of limitations for personal injury torts for Plaintiff's claim. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 377-78 (2004). In California, the general residual statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (applying the two-year statute of limitations to Section 1983 claim brought in California). California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc. Code section 352.1(a). The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. *See id*. Applying the maximum two-year tolling period, Plaintiff had a total of four years to bring his claims. He filed this case in June 2026; therefore, if he wishes to pursue claims based on allegations from before June 2022, he must allege facts to explain why those claims are not barred by the statute of limitations.

**CONCLUSION**

The complaint is DISMISSED with leave to file an amended complaint on or before **October 26, 2026**. The amended complaint must include the caption and civil case number used in this order (26-7628 RFL (PR)) and the words FIRST AMENDED COMPLAINT on the first page. The first amended complaint must also appear on this Court's form, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the Defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 28, 2026

RITA F. LIN
United States District Judge